**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Adrian Palacios-Benitez, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:21-1155-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| Ur Jaddou, Director, United States | ) | |
| Citizenship and Immigration Service, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant has moved pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for the Court to alter or amend its order of December 2, 2021 awarding attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 27). The Court issued its order on Plaintiff's motion after Defendant failed to file a timely response. On December 8, 2021, Defendant moved for the Court to reconsider its order in light of a decision issued the prior day by the Fourth Circuit, *Ge v. United States Citizenship and Immigration Services*, 2021 WL 5774725 (4th Cir. Dec. 7, 2021), which Defendant argues represents an intervening change in the law. (Dkt. No. 27 at 2). Defense counsel further advised the Court that she had overlooked the filing deadline because she was on maternity leave and had experienced a recent death in the family. (*Id*.). Plaintiff opposes the motion, arguing that the *Ge* case is distinguishable and that the Government had two counsel of record who received proper notice of the response deadline. (Dkt. No. 28).

A district court has discretion to grant a Rule 59(e) motion in limited circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law; and (4) to prevent manifest injustice. *Hill v.*

1

*Braxton*, 277 F. 3d 701, 708 (4th Cir. 2002). Courts are generally, and appropriately, reluctant to reconsider decisions where the parties have had a full opportunity to litigate the issues.

The Court finds this is one of the rare circumstances where the granting of the Rule 59(e) motion is appropriate. First, the recent Fourth Circuit decision raises legitimate questions about whether Plaintiff is a prevailing party under the EAJA. Plaintiff argues the *Ge* decision can be distinguished. Having this issue fully briefed by both parties is in the interest of justice and will allow the Court to apply the most current legal authority. Second, while every attorney has the responsibility to monitor his or her docket and deadlines, there are circumstances where life interferes and will cause even the most conscientious attorney to overlook a filing deadline. This type of issue is rarely presented to a court because in most circumstances attorneys, for purposes of professional courtesy and in recognition that they one day might be in the very same situation, will join the tardy party in requesting relief. Plaintiff's counsel has elected not to follow this custom, leaving the Court to address the issue.

The Court finds the combination of circumstances present here make the granting of the Rule 59(e) motion appropriate to address an arguable intervening change in the law, to account for new information not available at the time of the Court's original order, and to avoid a possible legal error. The Court hereby vacates its previous order awarding EAJA benefits (Dkt. No. 25) and directs defense counsel to file a response to the Plaintiff's motion for an EAJA award (Dkt. No. 24) within 10 days of this order. Plaintiff may file a reply within 10 days thereafter. The Court's granting of this motion should not be interpreted as a final decision on the merits, which will be rendered only after the parties have fully briefed this matter.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

December 21, 2021
Charleston, South Carolina